■ In the Matter of ANNE M. O'HEAR, on Behalf of MADELINE M. RODRIQUEZ, Respondent-Appellant. MADELINE M. ROD-

RIQUEZ, Appellant-Respondent. [631 NYS2d 743] —In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian, Madeline M. Rodriquez appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Luciano, J.), dated February 7, 1994, which, *inter alia*, granted the petition and appointed a guardian of her personal needs and her property, and the petitioner cross-appeals from so much of the same order and judgment as awarded compensation to the attorney retained by Madeline M. Rodriquez to represent her in this proceeding.

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the order is reversed, on the law, and the petition is dismissed; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

This is a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for Madeline Rodriquez (hereinafter Mrs. Rodriquez). Mrs. Rodriquez is an 86-year-old widow who has been diagnosed as suffering from Alzheimer's disease. She owns her own home and owns assets amounting to slightly over $100,000 (excluding the value of her home). Mrs. Rodriquez' 51-year-old son, John Rodriquez, lives with and cares for her, and a retired registered nurse comes to Mrs. Rodriquez' home two days per week to assist her.

In 1989, Mrs. Rodriquez gave John Rodriquez power of attorney over her affairs except with respect to real estate transactions. About one year later, under the mistaken impression that John Rodriquez was dead, Mrs. Rodriquez gave her daughter, the petitioner herein, power of attorney. However, that power of attorney was revoked within four months. Then, in May 1992, Mrs. Rodriquez executed a form giving John Rodriquez unlimited power of attorney. Mrs. Rodriquez has also executed a last will and testament, a living will, and a health care proxy.

In September 1993, the petitioner commenced this proceeding alleging, *inter alia*, that Mrs. Rodriquez was incapacitated, unable to understand her financial affairs, and accusing John Rodriquez of "gambling with her life savings in the stock market". After an investigation by the court evaluator and a hearing, the court appointed a guardian for Mrs. Rodriquez. In doing so, the court concluded that appointing John Rodriquez or the petitioner as a guardian would not serve Mrs. Rodriquez' best interests and named a local attorney with no apparent connection to the family.

As this Court recently held in *Matter of Maher* (207 AD2d 133, 139-140):

"In exercising its discretion to appoint a guardian for an individual's property (the focus of the instant proceeding), a court must make a two-pronged determination: first, that the appointment is necessary to manage the property or financial affairs of that person, and, second, that the individual either agrees to the appointment or that the individual is 'incapacitated' as defined in Mental Hygiene Law § 81.02 (b) (Mental Hygiene Law § 81.02 [a]).

"As to the first prong, 'the court shall consider the report of the court evaluator * * * and the sufficiency and reliability of available resources [e.g., powers of attorney * * * ] * * * to provide for personal needs or property management without the appointment of a guardian' (Mental Hygiene Law § 81.02 [a] [2]; § 81.03 [e])".

In the present case, the court improvidently exercised its discretion in appointing a guardian for Mrs. Rodriquez. The evidence adduced at the hearing shows that this case "closely resembles those where the allegedly incapacitated person has effectuated a plan for the management of [her] affairs which obviated the need for a guardian" *(Matter of Maher, supra,* at 142; *see, Matter of Tait,* NYLJ, May 31, 1994, at 28, col 1 [mentally ill homeless woman arranged for manager of single-room-occupancy hotel residence to negotiate her Social Security checks and pay rent from proceeds found not to be incapacitated within meaning of Mental Hygiene Law art 81]; *Matter of Anonymous, R.A.,* NYLJ, Sept. 28, 1993, at 27, col 2 [elderly and infirm individual resided with granddaughter who was attorney in fact and who managed individual's affairs under power of attorney did not require a guardian]; *Matter of Presbyterian Hosp. [Early],* NYLJ, July 2, 1993, at 22, col 2 [despite blindness and other physical infirmities, individual had prepared an efficient system to assist her personally and financially]). Although the evidence at the hearing indicated that Mrs. Rodriquez may, in fact, be incapacitated, there was nothing to indicate that she was incapacitated at the time that she granted John Rodriquez power of attorney or executed the other documents. Further, the hearing court made no finding that John Rodriquez engaged in any impropriety with respect to his care of Mrs. Rodriquez or her assets *(cf., Matter of Rochester Gen. Hosp. [Levin],* 158 Misc 2d 522, 528 [guardian appointed where individual's son was "either unable or unwilling to exercise the authority granted to him under the power of attorney," and the hearing court "entertain[ed] serious doubts as

to his ability to make future decisions pursuant to the [individual's] health care proxy"]).

In light of the foregoing, the petitioner's cross appeal is dismissed as academic. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.