■ In the Matter of MARY CRUMP, Respondent. FRANCES PARTHE, Appellant. [646 NYS2d 825] —Motion by the appellant for reargument of an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated August 23, 1995, which was determined by decision and order of this Court dated March 25, 1996.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that upon reargument the unpublished decision and order dated March 25, 1996, is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Frances Parthe, an alleged incapacitated person, Frances Parthe appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Luciano, J.), dated August 23, 1995, which, *inter alia*, after a hearing, granted the petition, ap-

pointed a guardian of her personal needs and property, and declared a power of attorney and health care proxy dated November 15, 1994, to be void.

Ordered that the order and judgment is reversed, on the law, with costs to the appellant payable by the petitioner, and the petition is dismissed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

As this Court recently held in *Matter of Maher* (207 AD2d 133, 139-140): "In exercising its discretion to appoint a guardian for an individual's property * * * a court must make a two-pronged determination: first, that the appointment is necessary to manage the property or financial affairs of that person, and, second, that the individual either agrees to the appointment or that the individual is 'incapacitated' as defined in Mental Hygiene Law § 81.02 (b) (Mental Hygiene Law § 81.02 [a])".

In the present case the court improvidently exercised its discretion in appointing a guardian for Mrs. Parthe. The evidence adduced at the hearing shows that Mrs. Parthe had both effectuated a plan for the management of her affairs which obviated the need for a guardian and that she possessed sufficient resources to protect her well being (*see, Matter of O'Hear [Rodriquez]*, 219 AD2d 720).

Having now reversed the order appointing a guardian, it is necessary that the property of Mrs. Parthe still in the possession of the guardian be restored to her (*see,* Mental Hygiene Law § 81.36 [e]), that the guardian file a final report and accounting of her management of Mrs. Parthe's financial affairs (*see,* Mental Hygiene Law § 81.33), and that the court fix the compensation, if any, of the guardian (*see,* Mental Hygiene Law § 81.28), which shall be paid by the petitioner. Upon the conclusion of these proceedings, the guardian may petition for her release and discharge (*see,* Mental Hygiene Law § 81.34).

We deem it appropriate that the petitioner pay her own legal fees as well as the fee of the court evaluator, and the fee of her expert, Dr. Frederick Sherman (*see,* Mental Hygiene Law § 81.09 [f]; § 81.10 [f]). We further find that Edward Parthe and Mrs. Parthe should pay their own legal fees. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.