OPINION OF THE COURT
Edwin Kassoff, J.
This is a proceeding for the appointment of a guardian under article 81 of the Mental Hygiene Law. The petitioner, Helen Lowe, is the wife of Sol Lowe, the alleged incapacitated person. At the hearing held on the petition on November 19, 1998, the petitioner and counsel for Sol Lowe were in agreement that Sol Lowe is incapacitated. It was also undisputed that petitioner had been appointed as Sol Lowe’s health care agent, under a health care proxy, and as his attorney-in-fact, pursuant to a durable power of attorney, both of which were executed by Sol Lowe prior to his incapacity. Petitioner’s counsel stated that this proceeding was instituted for the sole purpose of appointing petitioner as temporary guardian of Sol Lowe with the authority to appoint a successor health care agent for him since the alternate health care agent appointed by Sol Lowe had predeceased him. For the reasons which follow, the petition is dismissed.
“Even if all of the elements of incapacity are present, a guardian should be appointed only as a last resort, and should not be imposed if available resources or other alternatives will adequately protect the person” (Matter of Maher, 207 AD2d 133, 140, citing Law Rev Commn Comments, reprinted in McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.02, 1994 Pocket Part, at 241-242). Consistent with that policy, in most instances where an individual has, prior to becoming incapacitated, executed a health care proxy and durable power of attorney, the court will not appoint a guardian because the allegedly incapacitated person has “effectuated a plan for the management of his affairs which obviated the need for a guardian” (Matter of Maher, supra, at 142; see also, Mat *406 ter of Crump, 230 AD2d 850; Matter of O’Hear, 219 AD2d 720 [guardian not necessary for incapacitated person who had appointed adult son power of attorney, and executed living will and health care proxy]).
Under the circumstances of this case, the court finds that it has not been shown that there is a present need for the appointment of a guardian of Sol Lowe. Rather, what has been shown is that there may, in the future, possibly be the need for a guardian to make health care decisions for Sol Lowe, in the event that his wife is for some reason unable to act under the health care proxy. The absence of any evidence from petitioner which would give the court reason to believe her inability to act under the health care proxy is imminent, or even likely to occur at any point in time, underscores the speculative nature of the instant petition. Accordingly, and in furtherance of the policy of only appointing a guardian as a last resort, the court will not appoint a guardian in this case, since there has been no evidence (much less clear and convincing evidence) that Sol Lowe is likely to suffer harm because of his inability to select an alternate health care agent (see, Mental Hygiene Law § 81.02 [b]).
Furthermore, the court is not persuaded that it could authorize a guardian to appoint a successor health care agent on behalf of an incapacitated person, under section 2981 of the Public Health Law, even if the petitioner made a showing of necessity. Under common law, all competent adults have the right to determine what can be done to their own bodies (see, Schloendorff v Society of N. Y. Hosp., 211 NY 125). At common law, however, that right was lost upon a finding that the individual was incompetent and surrogate decision-making concerning what medical treatment an incompetent person should receive was not permitted, absent clear and convincing evidence of what the individual would have wanted if competent (see, Matter of Storar, 52 NY2d 363, cert denied 454 US 858).
The health care proxy law (Public Health Law art 29-C) was enacted to fill a void in New York law by “establishing] a decision-making process to allow competent adults to appoint an agent to decide about health care treatment in the event they lose decision-making capacity” (L 1990, ch 752, § 1). While the health care proxy law is a departure from the common-law prohibition against allowing health care decisions to be made on behalf of an incompetent person based upon the agent’s substituted judgment and/or belief as to the incompetent’s best interests, the law is nevertheless premised upon the same *407 policy as the common-law principles — to ensure that an individual’s wishes concerning his own health care treatment are followed. The health care proxy law merely permits a competent individual to express an intention that, in the event of incompetence, he desires that a certain individual be permitted to make health care decisions on his behalf. The Act expressly requires, however, that the principal be competent in the first instance in order to appoint a health care agent (Public Health Law § 2981 [1]). This requirement convinces the court that the selection of a health care agent is a strictly personal decision, which can only be made by the competent principal himself. As such, this court cannot appoint a guardian under article 81 of the Mental Hygiene Law with the authority to select an alternate health care agent for a person who does not have the capacity to do so for himself.
In sum, in the current posture of this case, there has been no showing of a present need for the requested relief. Moreover, the court is not convinced that it is authorized to grant the relief in the manner requested, i.e., by granting a guardian the authority to appoint a successor health care agent.
Based upon all the foregoing, the petition is dismissed.