■ In the Matter of the Guardianship of ALBERT S. ELEONOR B., Respondent; ELAINE S. K. et al., Appellants. [730 NYS2d 128] —In a proceeding pursuant to Mental Hygiene Law article 81 and Public Health Law § 2992, Elaine S. K. and Deborah S. appeal from so much of a judgment of the Supreme Court, Queens County (Golia, J.), dated March 20, 2001, as established a guardianship for the person and property of Albert S., imposed upon Elaine S. K. and Deborah S. the condition that they forgo any steps to hasten the death of Albert S. unless and until it was imminent and inevitable upon a determination that they violated the terms of his living will, and directed that attorneys' fees be paid from the assets of Albert S.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The Supreme Court improperly concluded that the appellants failed to establish by clear and convincing evidence that the living will of Albert S. directed the withholding of certain medication (*see, Grace Plaza v Elbaum*, 82 NY2d 10, 16; *Matter of Westchester County Med. Ctr. [O'Connor]*, 72 NY2d 517, 531; *Matter of Storar*, 52 NY2d 363, 379, *cert denied sub nom. Storar v Storar,* 454 US 858). The living will demonstrates that he held a firm and settled commitment to the termination of life-supporting medicine that would only serve to artificially prolong his life. It is clear that his current condition is terminal, and that he would want his medical care to cease. Moreover, the Supreme Court improperly imposed upon the appellants, as his health care agents, the condition that they forgo any steps to hasten his death unless and until it was imminent and inevitable. There is no authority in the Public Health Law enabling a court to modify a living will.

Under the circumstances, the Supreme Court improvidently exercised its discretion in establishing a guardianship for the person of Albert S. A guardian is to be appointed solely as a last resort, where no available resources or other alternative will adequately protect the person (*see, Matter of O'Hear [Rodriquez]*, 219 AD2d 720, 722; *Matter of Maher*, 207 AD2d 133,

140; *Matter of Lowe,* 180 Misc 2d 404, 406). Here, a living will and a durable power of attorney were prepared. Furthermore, because a trust was set up with sufficient funds to pay for his care, the establishment of a guardianship for his property was also an improvident exercise of discretion (*see, Matter of O'Hear [Rodriquez], supra; Matter of Maher, supra*).

In light of our reversal, we remit the matter to the Supreme Court, Queens County, to determine the amount of the fees for the petitioner's attorney, the court evaluator, and the court-appointed attorney, to be paid by the petitioner (*see,* Mental Hygiene Law § 81.09 [f]; § 81.10 [f]; § 81.16 [f]; *Matter of Petty,* 256 AD2d 281; *Matter of Lyles,* 250 AD2d 488). Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.