■ In the Matter of NELLIE LOPEZ, Appellant, for the Appointment of a Guardian of the Property of JACQUELINE SALAZAR, an Alleged Incapacitated Person, Respondent. DARRELL L. PASTER, Respondent. [739 NYS2d 147] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about April 13, 2001, which granted petitioner's application pursuant to Mental Hygiene Law article 81 to be appointed

guardian of the person and property of her daughter, an incapacitated person, only to the extent of appointing petitioner Special Limited Guardian of the Person of the incapacitated person, and instead appointed respondent, a stranger, as guardian of the incapacitated person's person and property, unanimously affirmed, without costs.

Ample evidence supports a finding that petitioner is not "suitable to exercise the powers necessary to assist the incapacitated person" (Mental Hygiene Law § 81.19 [a] [1]). Such evidence includes petitioner's failure, despite many requests, to properly account for her disbursements of the incapacitated person's money entrusted to her under an infant compromise order; abandonment of the house that the court had urged her to purchase in order to provide the incapacitated person with needed space and comfort, because she believed her own interests were left unprotected by a deed that did not give her title; and improper procurement of guardianship letters from the Surrogate's Court without advising that court of the pendency of the instant, and by then nearly concluded, proceeding in Supreme Court, and without giving notice of such Surrogate's Court application to respondent, who had already been named in the court's decision on petitioner's article 81 application although not yet formally appointed (see, Mental Hygiene Law § 81.19 [d] [3]; Matter of Chase, 264 AD2d 330, 331; Matter of Lois F., 209 AD2d 856, 858). In view of the foregoing, we need not decide whether petitioner's financial inexperience and conflict of interest as one of the incapacitated person's two heirs suffice by themselves to disqualify her (see, Mental Hygiene Law § 81.19 [d] [5], [6], [8]). We have considered and rejected petitioner's other arguments. Concur—Mazzarelli, J.P., Andrias, Sullivan, Buckley and Marlow, JJ.