■ In the Matter of JOSEPH V., a Person Alleged to be Incapacitated. SUSAN W., Respondent; DOLORES V. et al., Appellants. [762 NYS2d 669] —Peters, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered September 15, 2002 in Ulster County, which, inter alia, granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to appoint a guardian for the person and property of Joseph V.

---

On December 3, 2001, Joseph V. fell down a delivery shaft suffering extensive injuries, including a massive brain trauma. At the time of trial, he was in a coma and resided at the Northeast Center for Special Care in Ulster County. Respondents, Joseph V.'s mother and sister, as well as petitioner, with whom Joseph V. had resided since 1996, agreed that a personal injury action should be commenced. Notwithstanding a lack of authority to initiate the lawsuit, Joseph V.'s mother hired an attorney who commenced an action in Delaware County. Learning that there were no provisions therein to secure the support of Joseph V.'s children, two of whom were purportedly born to petitioner, she, along with his ex-wife, moved for the appointment of a guardian ad litem. This quickly soured the relationship between petitioner and Joseph V.'s family.

Petitioner thereafter commenced this proceeding to be appointed his guardian. Respondents cross-moved for the same relief. An appointed court evaluator issued a report and, after a hearing, Supreme Court found that Joseph V. was incapacitated and in need of a guardian of both his person and property. In light of the shortcomings of all family members, including petitioner, the court appointed Jon Simonson, an attorney, as his guardian with a direction to, inter alia, retain counsel and commence a new personal injury action on behalf of Joseph V.* Respondents appeal.

Pursuant to Mental Hygiene Law article 81, a court, in its discretion, may appoint a guardian if it finds, by clear and convincing evidence, that "the appointment is necessary to provide for * * * personal needs * * * and/or * * * manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02 [a] [1]) and the person is incapacitated (*see* Mental Hygiene Law § 81.02 [a] [2]; *Matter of Crump*, 230 AD2d 850, 851 [1996]; *Matter of Maher*, 207 AD2d 133, 139-140 [1994], *lv denied* 86 NY2d 703 [1995]). "Even if all of the elements of incapacity are present, a guardian should be appointed only as a last resort, and * * * not * * * if available resources or other alternatives will adequately protect the person" (*Matter of Maher, supra* at 140). Here, Supreme Court properly determined that based upon the report and testimony of the court evaluator, supported by the testimony of numerous other witnesses, including Joanne Liguori, Director of Family Resources at the facility where Joseph V. resides, the appointment of a guardian was necessary since Joseph V. was in a coma and required assistance with all of his activities of daily

---

* After this order, the Delaware County action was dismissed and a new law firm was retained to commence an action.

living. He had no available resources and did not execute a healthcare proxy, power-of-attorney or will. The strained relationship between the significant people in Joseph V.'s life and the disputes which had arisen in connection with the personal injury action provided additional support for Supreme Court's determination (*compare Matter of Crump, supra* at 851; *Matter of Maher, supra* at 142-143; *see also Matter of Albert S.,* 286 AD2d 684, 685 [2001]).

While we recognize, as did Supreme Court, that the appointment of a family member is preferable, it is well within the court's discretion to appoint an outsider (*see* Mental Hygiene Law § 81.19 [a] [1]) upon a determination that available family members are, in some way, "not suitable" (*Matter of Zdeb,* 215 AD2d 803, 804 [1995]; *see Matter of Lopez,* 292 AD2d 231, 232 [2002]; *compare Matter of Robinson [Schlein],* 272 AD2d 176, 176 [2000]). Here, there were viable allegations that Joseph V.'s mother was not committed to her sobriety, that Joseph V.'s sister was a recovering heroin addict who still smoked marihuana on a daily basis and that they were unrealistic about Joseph V.'s physical condition; they were considering a move from his residential care facility, which at least one employee opined would seriously endanger his condition. In addition, while it appeared that respondents may have ignored Joseph V.'s desires to forego life support, they feared that petitioner would be quick to terminate Joseph V.'s life support if she were appointed his guardian.

Although petitioner appeared realistic about Joseph V.'s condition, there were allegations that she made numerous fraudulent statements to the Department of Social Services to receive additional funding and continued a relationship with her drug-abusive husband to whom she was still married. Other family members, including Joseph V.'s oldest daughter from his first marriage and Joseph V.'s brother, were also appropriately rejected.

We find that Supreme Court properly considered all relevant factors (*see* Mental Hygiene Law § 81.19 [d]) before appointing a guardian outside of the family. Respondents' claim that the court evaluator was biased is without foundation. In any event, Supreme Court did not follow the evaluator's recommendation. Nor do we find error in Supreme Court's authorization and direction to the guardian to commence a lawsuit on Joseph V.'s behalf (*see* 22 NYCRR 36.1 [a] [10] [i]; 36.2 [a]). Such action does not belie the underpinnings of Mental Hygiene Law article 81, which simply details a guardian's powers in an "illustrative rather than exclusive" manner (Law Revision Commission Com-

ments, McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.21, at 376; *see also* Mental Hygiene Law § 81.21 [a]). In these circumstances, we agree that the power to commence an action on Joseph V.'s behalf was necessary to manage his property and financial affairs (*see* Mental Hygiene Law § 81.16 [c] [2]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.