In the Matter of ISADORA R. CHERYL F., Respondent. FREZELL W., Nonparty Appellant. [773 NYS2d 96]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Isadora R., an alleged incapacitated person, nonparty Frezell Williams, attorney-in-fact and health care proxy for Isadora R., appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rosato, J.), entered January 24, 2003, which, after a hearing, inter alia, granted the petition, appointed a guardian for Isadora R.'s personal needs and property, and vacated Frezell Williams's power of attorney and designation as health care proxy for Isadora R.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, with costs to the appellant, the petition is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court improvidently exercised its discretion in appointing a guardian for Isadora R., an alleged incapacitated person. The evidence adduced at the hearing established that Isadora R. effectuated a plan for the management of her affairs and possessed sufficient resources to protect her well being, thus obviating the need for a guardian over her person or property (*see* Mental Hygiene Law § 81.02; *Matter of Crump,* 230 AD2d 850 [1996]; *Matter of O'Hear,* 219 AD2d 720 [1995]; *Matter of Maher,* 207 AD2d 133 [1994]). There was no evidence that the appellant, a longtime friend of Isadora R., and Isadora R.'s chosen attorney-in-fact and health care proxy, mishandled Isadora R.'s property or that Isadora R.'s health and well-being were harmed by any actions taken by the appellant sufficient to justify revoking the power of attorney and health care proxy in favor of a court-appointed guardian (*cf. Matter of Rochester Gen. Hosp.,* 158 Misc 2d 522 [1993]). Further, Isadora R. reaffirmed at the hearing her confidence in the appellant to look after her person and property.

Since we are reversing the order and judgment appointing a guardian, it is necessary that the property of Isadora R. still in the possession of the guardian be restored to her (*see* Mental Hygiene Law § 81.36 [e]), that the guardian file a final report and accounting of her management of Isadora R.'s financial affairs (*see* Mental Hygiene Law § 81.33), and that the Supreme Court fix the compensation, if any, of the guardian (*see* Mental Hygiene Law § 81.28), which shall be paid by the petitioner. Upon the conclusion of these proceedings, the guardian should petition for her release and discharge (*see* Mental Hygiene Law § 81.34).

In light of our determination, the appellant's remaining contentions have been rendered academic. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.