[806 NYS2d 623]

In the Matter of Johanna Mougiannis, Respondent, v North Shore-Long Island Jewish Health System, Inc., Appellant.

Second Department, November 21, 2005

## APPEARANCES OF COUNSEL

*Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman, LLP*, Lake Success (*Allan E. Silver* of counsel), for appellant.

## OPINION OF THE COURT

FISHER, J.

The question presented on this appeal is whether the health care agent of a discharged patient may compel a hospital to provide her with copies of the patient's medical records for the purpose of facilitating appropriate treatment by the patient's subsequent caregivers. The issue appears to be one of first impression.

A health care proxy executed on July 11, 1997, appointed the petitioner as the health care agent of her mother, Domenica Mougiannis, in the event that she became "unable to make [her] own health care decisions." On December 2, 2002, the petitioner had her mother admitted to the appellant's health care facility, where she remained until her discharge on October 23, 2003. The appellant concedes that Domenica Mougiannis was unable to render a reasoned decision concerning her own health care, and that the petitioner properly became her health care agent under Public Health Law article 29-C. In that capacity, and for the purpose of making informed treatment decisions, the petitioner was granted access to her mother's medical records throughout the period of the hospitalization (*see* Public Health Law § 2982 [3]).

Shortly after her mother's discharge, the petitioner asked the appellant, inter alia, for complete copies of the medical records so that her mother's new caregivers could provide her with appropriate treatment. The appellant denied the petitioner's

request on the grounds that the petitioner was not a "qualified person" entitled to request access to patient information under Public Health Law § 18, and that her right to have such access as health care agent under Public Health Law § 2982 (3) terminated upon her mother's discharge on October 23, 2003.

The petitioner then commenced this proceeding pursuant to CPLR article 78. She argued that the appellant's determination was arbitrary and in violation of applicable law, and she sought, inter alia, to compel the appellant to provide her with complete copies of her mother's medical records. By order and judgment (one paper) entered May 6, 2004, the Supreme Court determined, inter alia, that the petitioner was a "qualified person" as defined in Public Health Law § 18 (1) (g), and as such was entitled to have her request processed in accordance with the detailed procedures set out in Public Health Law § 18. This appeal followed. Although we disagree with the Supreme Court's determination that the petitioner is a "qualified person" as defined in Public Health Law § 18 (1) (g), we nevertheless conclude that she does have the right, pursuant to Public Health Law § 2982 (3), to have access to the requested medical records to the extent necessary to make informed decisions regarding her mother's ongoing health care.

Section 18 of the Public Health Law, enacted in 1986 (*see* L 1986, ch 497), creates a right in favor of a limited class of "qualified persons" to inspect and obtain copies of records containing patient information, and sets forth detailed procedures governing the manner by which that right may be exercised. At the time of the petitioner's request for her mother's medical records, subdivision (1) of the statute contained the following definitions[1] which are relevant to this appeal:

"(g) 'Qualified person' means any properly identified subject, or a guardian appointed pursuant to article eighty-one of the mental hygiene law, or a parent of an infant, or a guardian of an infant appointed pursuant to article seventeen of the surrogate's court procedure act or other legally appointed guardian of an infant who may be entitled to request access to a clinical record pursuant to paragraph (c) of subdivision two of this section, or

---

1. Subsequent to the entry of the order and judgment appealed from, the definition of "qualified person" was amended (*see* L 2004, ch 634 ["AN ACT to amend the public health law, in relation to access to medical records"]). The amendments have no direct impact on the issues raised in this appeal.

an attorney representing or acting on behalf of the subject or the subject's estate.

"(h) 'Subject' means an individual concerning whom patient information is maintained or possessed by a health care provider." (Public Health Law § 18 [1] [g], [h].)

Subdivision (2) of the same statute separately spells out the right of inspection as conferred upon a "subject" (*see* Public Health Law § 18 [2] [a]), a "committee for an incompetent appointed pursuant to article seventy-eight of the mental hygiene law" (*see* Public Health Law § 18 [2] [b]),[2] and a "parent or guardian of an infant appointed pursuant to article seventeen of the surrogate's court procedure act, or any other legally appointed guardian" (*see* Public Health Law § 18 [2] [c]). The same subdivision sets forth the right to obtain copies of such records, providing in pertinent part that, "upon the written request of any *qualified person*, a health care provider shall furnish to such person, within a reasonable time, a copy of any patient information requested, . . . *which the person is authorized to inspect pursuant to this subdivision*" (Public Health Law § 18 [2] [d] [emphasis added]).

"Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665-666 [1988] [citation and internal quotation marks omitted]). Inasmuch as the definition of "qualified person" does not include health care agents appointed pursuant to Public Health Law article 29-C, the "irrefutable inference" is that it was the intent of the Legislature, as revealed by unambiguous statutory language (*see Riley v County of Broome,* 95 NY2d 455, 463 [2000]; *Matter of Alonzo M. v New York City Dept. of Probation, supra*), not to include health care agents among those "qualified persons" entitled to obtain copies of their principals' medical records pursuant to Public Health Law § 18 (2) (d).

---

2. Although an express right of inspection is granted to a committee appointed pursuant to article 78 of the Mental Hygiene Law, such a committee is not specifically included within the definition of "qualified person" (*see* Public Health Law § 18 [1] [g]). Conversely, while a guardian appointed pursuant to article 81 of the Mental Hygiene Law is included within the definition of "qualified person," no express right of inspection is granted to such guardian pursuant to Public Health Law § 18 (2) (a), (b) or (c).

Nor can a health care agent be found to be included within the definition of "subject" for purposes of a request made under Public Health Law § 18, to inspect or have copies of medical records. The statutory definition of "subject" in Public Health Law § 18 (1) (h) is expressly limited to the "individual" patient, and cannot be read expansively to include personal representatives such as a health care agent (*compare with* 45 CFR 164.502 [g] [1] [which expressly treats a "personal representative as the individual" for purposes of the federal Health Insurance Portability and Accountability Act of 1996, subject only to a limited number of well-defined exceptions]).

We recognize that the Legislature's choice to include within the definition of "qualified person" guardians appointed pursuant to Mental Hygiene Law article 81 (*see* Public Health Law § 18 [1] [g]), but not health care agents appointed pursuant to Public Health Law article 29-C, appears incongruous in that both have similarly broad powers to make health care decisions on behalf of an incapacitated person (*see* Mental Hygiene Law § 81.22 [a] [8]; Public Health Law § 2982 [1]; *cf. Matter of Isadora R.,* 5 AD3d 494 [2004]; *Matter of Albert S.,* 286 AD2d 684 [2001]; *Matter of Crump [Parthe],* 230 AD2d 850, 851 [1996]; *Matter of Lowe,* 180 Misc 2d 404, 406 [Sup Ct, Queens County, Kassoff, J., 1999]). Any under-inclusiveness in Public Health Law § 18, however, whether intended or not, is a matter for the Legislature, not the courts, to address.

Accordingly, we hold that, because health care agents are not included within the definition of qualified persons authorized to inspect and obtain copies of patient information records, the petitioner, in her capacity as health care agent appointed pursuant to Public Health Law article 29-C, has no legal right to obtain records containing patient information pertaining to her mother under Public Health Law § 18. As earlier indicated, however, we reach a different conclusion with respect to the petitioner's alternative contention that she is entitled to have access to her mother's medical records under Public Health Law § 2982 (3).

Article 29-C of the Public Health Law, titled "Health Care Agents and Proxies," provides, in pertinent part, as follows:

"2980. Definitions

"The following words or phrases, used in this article, shall have the following meanings, unless the context otherwise requires: . . .

"4. 'Health care' means any treatment, service or procedure to diagnose or treat an individual's physical or mental condition.

"5. 'Health care agent' or 'agent' means an adult to whom authority to make health care decisions is delegated under a heath care proxy.

"6. 'Health care decision' means any decision to consent or refuse to consent to health care. . . .

"8. 'Health care proxy' means a document delegating the authority to make health care decisions, executed in accordance with the requirements of this article."

"2982. Rights and duties of agent

"1. Scope of authority. Subject to any express limitations in the health care proxy, *an agent shall have the authority to make any and all health care decisions on the principal's behalf that the principal could make.* Such authority shall be subject to the provisions of section twenty-nine hundred eighty-nine of this article. . . .

"3. Right to receive information. *Notwithstanding any law to the contrary, the agent shall have the right to receive medical information and medical and clinical records necessary to make informed decisions regarding the principal's health care.*" (Emphasis added.)

The statute plainly vests a duly-appointed health care agent with broad powers to "make any and all health care decisions on the principal's behalf that the principal could make" (Public Health Law § 2982 [1]). The definition of "health care" includes "*any* treatment, service or procedure" to diagnose or treat an individual's physical or mental condition (Public Health Law § 2980 [4] [emphasis added]). It is in light of this comprehensive delegation of authority that the agent's right to access medical records, as set forth in Public Health Law § 2982 (3), must be read and understood.

Contrary to the appellant's contention, a health care agent's right to obtain medical information under Public Health Law § 2982 (3) is neither limited in scope to the records of the health care facility in which the principal is currently admitted for treatment nor limited in time to the period during which the

principal is receiving treatment at that facility. To the contrary, the clear purpose of Public Health Law § 2982 (3)—to enable the agent generally to make "informed decisions" regarding the principal's health care—is a broad one. Thus, provided only that the information requested is "necessary to make informed decisions regarding the principal's health care," the agent must be given access to her principal's medical information and medical and clinical records pursuant to Public Health Law § 2982 (3) irrespective of whether such information and records pertain to current or past hospitalizations or treatments, and irrespective of whether the health care provider to whom the request is directed is still treating the principal. Moreover, any conflict between the scope of Public Health Law § 2982 (3) and the rights granted to "qualified persons" under Public Health Law § 18 must be resolved in favor of disclosure pursuant to Public Health Law § 2982 (3), which operates "[n]otwithstanding any law to the contrary." Viewed in this light, the appellant's decision to deny the petitioner access to her mother's medical information on the ground that she had no legal right to request such information under Public Health Law § 2982 (3) was based on an arbitrary and unreasonably narrow interpretation of that statute.

In sum, we hold that, although not a "qualified person" entitled to request access to confidential patient information pursuant to Public Health Law § 18, a duly-appointed health care agent has a separate and continuing right, pursuant to Public Health Law § 2982 (3), to have access to patient information to the extent necessary to make informed decisions regarding the patient's ongoing health care. Because, as her mother's duly-appointed health care agent, the petitioner has such a right, we remit the matter to the appellant for a new determination under that statute. Accordingly, the order and judgment should be modified, on the law, by deleting the provisions thereof granting the petition to the extent of determining that the petitioner is a "qualified person" under Public Health Law § 18 and directing the North Shore-Long Island Jewish Health System, Inc., to consider the merits of the petitioner's request for access to Domenica Mougiannis's medical records in accordance with procedures set forth in Public Health Law § 18, and by substituting therefor provisions granting the petition to the extent of determining that the petitioner is entitled to request medical information pertaining to her mother pursuant to Public Health Law § 2982 (3), and remitting the matter to the ap-

pellant for a new determination under that statute as to whether the patient information and medical records requested by the petitioner are necessary to make informed decisions regarding her mother's health care. As so modified, the order and judgment should be affirmed insofar as appealed from.

SCHMIDT, J.P., KRAUSMAN and CRANE, JJ., concur.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the petition to the extent of declaring that the petitioner is a "qualified person" under Public Health Law § 18 and directing the North Shore-Long Island Jewish Health System, Inc., to consider the merits of the petitioner's request for access to Domenica Mougiannis's medical records in accordance with the procedures set forth in Public Health Law § 18, and substituting therefor provisions granting the petitions to the extent of declaring that the petitioner is entitled to request medical information pertaining to her mother pursuant to Public Health Law § 2982 (3), and remitting the matter to the appellant for a new determination under that statute; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.