◼ In the Matter of NELLIE G. NEW YORK CITY HEALTH & HOSPITALS CORP.-QUEENS HOSPITAL CENTER, Respondent; JOYCE G.D., Appellant. JOHN SEAN CROWLEY et al., Nonparty Respondents. [831 NYS2d 473]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Nellie G., an alleged incapacitated person, Joyce G.D. appeals, as limited by her letter dated December 20, 2006, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), entered December 29, 2005, as, after a hearing, appointed an independent guardian for the property of Nellie G. and revoked a power of attorney dated September 21, 1995.

Ordered that the order and judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On September 21, 1995, Nellie G. executed a so-called "springing durable power of attorney" in favor of her daughter, Joyce G.D. In that power of attorney, Nellie G. indicated that in the event that she became disabled, Joyce G.D. would have the power to make decisions with respect to, among other things, her property. The power of attorney also stated that if Nellie G. were subsequently found to be incapacitated, the powers granted to Joyce G.D. would not be affected.

In April 2003, Nellie G., who was then almost 89 years old, suffered a stroke. As a result, she became seriously disabled. At that point, the power of attorney became effective, and Joyce G.D. began managing Nellie G.'s property.

On May 17, 2005, Nellie G. suffered a second stroke, which rendered her totally bedridden and uncommunicative. She was taken to Queens Hospital Center (hereinafter the Hospital), where she remained for several months, until her condition stabilized. She was then transferred to a rehabilitation center, where she also remained for several months, until she was transferred to a nursing home.

In August 2005, the Hospital commenced the instant proceeding pursuant to article 81 of the Mental Hygiene Law, seeking, inter alia, to have an independent guardian appointed for the property of Nellie G. Joyce G.D. opposed the petition, asserting that there was no need for an independent guardian because the power of attorney was in place.

After a hearing, the Supreme Court properly determined that the Hospital had established, by clear and convincing evidence,

that Nellie G. was incapacitated (*see* Mental Hygiene Law § 81.02 [b]; *Matter of Mary J.*, 290 AD2d 847, 848-850 [2002]). The Supreme Court, stating that Joyce G.D. had "misused" the power of attorney, determined that were no "available resources that could act as alternatives to guardianship" (*see* Mental Hygiene Law § 81.02 [a] [2]; § 81.03 [e]), appointed an independent guardian for the property of Nellie G., and revoked the power of attorney dated September 21, 1995.

Although the Supreme Court was concerned about Joyce G.D.'s fitness to manage Nellie G.'s property in light of certain transactions that Joyce G.D. had entered into involving real property owned by Nellie G. (*cf. Matter of Ardelia R.*, 28 AD3d 485, 487 [2006]), under the circumstances, these transactions, from which Joyce G.D. did not profit, and which did not harm Nellie G.'s interests in any way, did not warrant the appointment of an independent guardian for Nellie G.'s property, which should only be done as a "last resort" (*Matter of Albert S.*, 286 AD2d 684, 684 [2001]). Accordingly, the court improvidently exercised its discretion in appointing an independent guardian for Nellie G.'s property, and in not allowing Joyce G.D. to continue to manage that property pursuant to the power of attorney (*see Matter of Isadora R.*, 5 AD3d 494 [2004]; *Matter of O'Hear [Rodriquez]*, 219 AD2d 720, 722 [1995]; *cf. Matter of Chase*, 264 AD2d 330, 332-333 [1999]).

In light of the foregoing, it is necessary that the property of Nellie G. that is still in the possession of the guardian be restored to her (*see* Mental Hygiene Law § 81.36 [e]), that the guardian file a final report and accounting of his management of Nellie G.'s financial affairs (*see* Mental Hygiene Law § 81.33), and that the Supreme Court fix the compensation, if any, of the guardian (*see* Mental Hygiene Law § 81.28), which shall be paid by the petitioner. Upon the conclusion of these proceedings, the guardian should petition for his release and discharge (*see* Mental Hygiene Law § 81.34).

In light of our determination, Joyce G.D.'s remaining contention has been rendered academic. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.