In the Matter of MAY FAR C., Appellant. PHYLLIS C., Respondent. KAREN C., Nonparty Appellant; VERA INSTITUTE OF JUSTICE et al., Nonparty Respondents. [877 NYS2d 367]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of May Far C., an alleged incapacitated person, May Far C. and nonparty Karen C. appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated August 28, 2007, which, after a hearing, granted the petition, and appointed the Vera Institute of Justice as temporary guardian.

Ordered that the order and judgment is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court improvidently exercised its discretion in appointing a guardian for May Far C., an alleged incapacitated person. The evidence adduced at the hearing established that May Far C. effectuated a plan for the management of her affairs and possessed sufficient resources to protect her well being, thus obviating the need for a guardian over her person or property (see Mental Hygiene Law § 81.02; Matter of Crump [Parthe], 230 AD2d 850 [1996]; Matter of O'Hear [Rodriquez], 219 AD2d 720 [1995]; Matter of Maher, 207 AD2d 133 [1994]). Although the evidence at the hearing indicated that May Far C. may, in fact, be incapacitated, there was nothing to indicate that she was incapacitated at the time that she granted her daughter Karen C. power of attorney. Further, there was no evidence that Karen C. engaged in any impropriety with respect to her care of May Far C. or her assets (see Matter of Isadora R., 5 AD3d 494 [2004]; Matter of O'Hear [Rodriquez], 219 AD2d 720 [1995]).

Since we are reversing the order and judgment appointing a temporary guardian, it is necessary that the property of May Far C. still in the possession of the temporary guardian be restored to her (see Mental Hygiene Law § 81.36 [e]), that the temporary guardian file a final report and accounting of its management of May Far C.'s financial affairs (see Mental Hygiene Law § 81.33), and that the Supreme Court fix the compensation, if any, of the temporary guardian (see Mental Hygiene Law § 81.28), which shall be paid by the petitioner. Upon the conclusion of these proceedings, the temporary guardian should petition to be released and discharged (see Mental Hygiene Law § 81.34).

We decline to reach the remaining contention raised by Vera

Institute of Justice. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.