In the Matter of NELLIE G., an Alleged Incapacitated Person. NEW YORK CITY HEALTH & HOSPITALS CORP.-QUEENS HOSPITAL CENTER, Respondent; JOYCE G.D., Appellant. JOHN SEAN CROWLEY, Nonparty Respondent. [903 NYS2d 494]—

In a proceeding pursuant to Mental Hygiene Law article 81, inter alia, to appoint a guardian for the person and property of Nellie G., an alleged incapacitated person, Joyce G.D. appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), entered January 27, 2009, as, upon a decision of the same court also dated January 27, 2009, made upon remittitur from this Court (*see Matter of Nellie G.*, 38 AD3d 547 [2007]), directed that the assets of Nellie G. be used to pay certain sums as compensation to the guardian, the appellate counsel for the guardian, and the accountant for the guardian.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended order consistent herewith.

Where a guardianship petition is dismissed in whole or in part, there is no statutory authority for fixing who is responsible for the guardian's compensation. Thus, the courts must determine on a case-by-case basis the party responsible for compensation based, inter alia, on whether the petition was brought in good faith, and the relative merits of the petition (*see Matter of Isadora R.*, 5 AD3d 494 [2004]; *Matter of Petty*, 256 AD2d 281 [1998]). In a decision and order dated March 6, 2007, this Court directed, among other things, that any guardian compensation fixed in this case by the Supreme Court was to be paid by the petitioner (*see Matter of Nellie G.*, 38 AD3d 547 [2007]). Therefore, the Supreme Court erred in thereafter directing that such compensation was to be paid from the assets of the alleged incapacitated person (hereinafter the AIP) (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]; *Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 21 AD3d 964, 966 [2005]). Indeed, the petitioner concedes on appeal that the Supreme Court's order in this regard was error in light of this Court's March 6, 2007, determination.

Accordingly, the guardian must restore to the estate of the AIP all funds which were used to pay his compensation under the Supreme Court's order. Furthermore, under the particular circumstances of this case, the Supreme Court's award to the guardian in the sum of $43,791.26 for his alleged services as guardian to the AIP, which was separate and apart from the compensation awarded to the guardian for the legal services he rendered on behalf of the AIP, was inappropriate. There is nothing in the record that supports an award to the guardian separate and apart from the compensation he received for the legal services he performed on behalf of the AIP. Thus, the amended order to be entered should not include a separate award for "compensation as guardian." As previously noted, the reduced award is to be paid by the petitioner.

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.