In the Matter of WILLIAM MITCHELL, Respondent, for the Appointment of a Guardian of the Person and/or Property of DEBORAH A.L., a Person Alleged to be Incapacitated, Appellant. (Proceeding No. 1.) In the Matter of MICHAEL G. LANG, Respondent, for the Appointment of a Guardian of the Person and/or Property of DEBORAH A.L., a Person Alleged to be Incapacitated, Appellant. (Proceeding No. 2.) [1 NYS3d 701]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered July 8, 2013 in proceedings pursuant to Mental Hygiene Law article 81. The order determined that respondent is an incapacitated person.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: In these proceedings pursuant to Mental Hygiene Law article 81, respondent, an alleged incapacitated person (AIP), appeals from an order that determined that she is incapacitated and in need of a guardian. We agree with the AIP that Supreme Court erred in making that determination without considering "the 'sufficiency and reliability of available resources' (Mental Hygiene Law § 81.02 [a] [2]) to satisfy the AIP's personal needs and property management without the need for a guardian" (*Matter of Samuel S. [Helene S.]*, 96 AD3d 954, 957 [2012], *lv dismissed* 19 NY3d 1065 [2012]). It is undisputed that the AIP had "available resources," i.e., a power of attorney and healthcare proxy

(*see* Mental Hygiene Law § 81.03 [e]), and the court should therefore have inquired whether those advance directives were adequate to protect the AIP's personal and property interests before determining that she is incapacitated and in need of a guardian (*see Samuel S.*, 96 AD3d at 956-957; *Matter of May Far C.*, 61 AD3d 680, 680 [2009]; *Matter of Maher*, 207 AD2d 133, 140 [1994], *lv denied* 86 NY2d 703 [1995], *rearg denied* 86 NY2d 886 [1995]).

We therefore remit the matter to Supreme Court for further proceedings on the petitions. Present—Scudder, P.J., Centra, Carni and Sconiers, JJ.