# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1443**
**CA 14-00843**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF THE APPLICATION OF WILLIAM
MITCHELL, PETITIONER-RESPONDENT,
FOR THE APPOINTMENT OF A GUARDIAN OF THE PERSON
AND/OR PROPERTY OF DEBORAH A.L., AN ALLEGED
INCAPACITATED PERSON, RESPONDENT-APPELLANT.
(PROCEEDING NO. 1.)

------------------------------------------------   MEMORANDUM AND ORDER

IN THE MATTER OF THE APPLICATION OF MICHAEL G.
LANG, PETITIONER-RESPONDENT,
FOR THE APPOINTMENT OF A GUARDIAN OF THE PERSON
AND/OR PROPERTY OF DEBORAH A.L., AN ALLEGED
INCAPACITATED PERSON, RESPONDENT-APPELLANT.
(PROCEEDING NO. 2.)

---

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (JOHN D. CONNERS OF
COUNSEL), FOR RESPONDENT-APPELLANT.

SHANLEY LAW OFFICES, OSWEGO (P. MICHAEL SHANLEY OF COUNSEL), FOR
PETITIONER-RESPONDENT MICHAEL G. LANG.

RODAK LAW OFFICE, P.C., OSWEGO (JOSEPH G. RODAK OF COUNSEL), FOR
PETITIONER-RESPONDENT WILLIAM MITCHELL.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered July 8, 2013 in proceedings pursuant to
Mental Hygiene Law article 81. The order determined that respondent
is an incapacitated person.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Supreme Court, Oswego County, for further proceedings in
accordance with the following Memorandum: In these proceedings
pursuant to Mental Hygiene Law article 81, respondent, an alleged
incapacitated person (AIP), appeals from an order that determined that
she is incapacitated and in need of a guardian. We agree with the AIP
that Supreme Court erred in making that determination without
considering "the 'sufficiency and reliability of available resources'
(Mental Hygiene Law § 81.02 [a] [2]) to satisfy the AIP's personal
needs and property management without the need for a guardian" (*Matter
of Samuel S. [Helene S.]*, 96 AD3d 954, 957, *lv dismissed* 19 NY3d
1065). It is undisputed that the AIP had "available resources," i.e.,
a power of attorney and healthcare proxy (*see* Mental Hygiene Law §
81.03 [e]), and the court should therefore have inquired whether those
advance directives were adequate to protect the AIP's personal and

property interests before determining that she is incapacitated and in need of a guardian (*see Samuel S.*, 96 AD3d at 956-957; *Matter of May Far C.*, 61 AD3d 680, 680; *Matter of Maher*, 207 AD2d 133, 140, *lv denied* 86 NY2d 703, *rearg denied* 86 NY2d 886).

We therefore remit the matter to Supreme Court for further proceedings on the petitions.

Entered: January 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court