Matter of Goldfein v Kohler (2023 NY Slip Op 05982)

Matter of Goldfein v Kohler

2023 NY Slip Op 05982

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 500008/22 Appeal No. 1073-1074 Case No. 2023-01941, 2023-03575 

[*1]In the Matter of Roanne P. Goldfein etc., Petitioner-Respondent,
v
Paulette Kohler etc., Respondent. Kjersti Inga Eggerud, Cross-Petitioner-Appellant. 

The Serbagi Law Firm, P.C., New York (Christopher Serbagi of counsel), for appellant.
Phillips Nizer LLP, New York (Elizabeth A. Adinolfi of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Carol Sharpe, J.), entered on or about July 6, 2023, which revoked a power of attorney and health care proxy executed by Paulette Kohler and denied the cross-petition of Kjersti Inga Eggerud, unanimously reversed, on the law, with costs, the power of attorney and health care proxy reinstated, the appointment of Charles Barbuti as guardian for Kohler revoked, the petition dismissed, petitioner is directed to pay the fees for the court evaluator, Kohler's court-appointed counsel, the guardian, and its own attorney, and the matter remanded to Supreme Court, before a different Justice, for further proceedings in accordance with this opinion. Appeal from order (same court and Justice), entered March 27, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
A court may revoke a power of attorney or health care proxy "if the court finds that the . . . [document] was made while the person [i.e., Kohler] was incapacitated or if the court determines that there has been a breach of fiduciary duty by the . . . agent," (Mental Hygiene Law § 81.29[d]) i.e., cross-petitioner. On this record, neither of these requirements was satisfied. There is no evidence to suggest that Kohler was incapacitated at the time that she executed the power of attorney and health care proxy appointing cross-petitioner as her agent on March 21, 2021. The hearing revealed no evidence of financial impropriety on the part of cross-petitioner.
Further, cross-petitioner's alleged shortcomings with respect to Kohler's care do not amount to a breach of fiduciary duty. The court appointed a temporary guardian and issued a temporary restraining order against cross-petitioner on March 4, 2022, which thwarted her ability to act on Kohler's behalf. At the time the restraining order went into effect, Kohler was still convalescing at the nursing home. The record establishes that Kohler's apartment was in disrepair for years prior to Kohler's execution of the power of attorney and that building staff was uncooperative with her (and, later, cross- petitioner's) requests to make necessary repairs. Without the power of attorney and health care proxy in place, it is unclear how cross-petitioner could have successfully engaged services for Kohler.
Significantly, Kohler also unequivocally expressed her wishes to have cross-petitioner care for her at the hearing (see e.g., Matter of Isadora R., 5 AD3d 494, 494 [2d Dept 2004] [finding that revocation of the appellant's power of attorney and health care proxy in favor of a court-appointed guardian was improper where there was no evidence of harm to the AIP's person or property and the AIP reaffirmed her confidence in the appellant's ability to look after her at the hearing]). Accordingly, the court should not have revoked the power of attorney and health care proxy (Mental Hygiene Law §§ 81.02[a][2] & 81.03[e]). Since we are reinstating the power [*2]of attorney and health care proxy, a court-appointed guardian is unnecessary (see e.g. Matter of Isadora R., 5 AD3d 494 [2d Dept 2004]; Matter of O'Hear [Rodriquez], 219 AD2d 720, 722 [2d Dept 1995]; see also Matter of Nellie G., 38 AD3d 547, 549 [2d Dept 2007].
Because we are reversing the appointment of a court-appointed guardian, we remand the matter to Supreme Court for Kohler's property that is in the guardian's possession to be restored to her; for the guardian to file a final report and accounting; and for Supreme Court to fix the guardian's compensation, if any, to be paid by petitioner (see e.g. Nellie G., 38 AD3d at 549; Isadora R., 5 AD3d at 495; Matter of Crump [Parthe], 230 AD2d 850, 851 [2d Dept 1996]; Mental Hygiene Law §§ 81.28, 81.33). In the exercise of our discretion, we direct that those proceedings take place before a different judge.
In addition, petitioner shall pay for the court evaluator, Kohler's court-appointed counsel, and its own legal fees (see e.g. Mental Hygiene Law §§ 81.09[f], 81.10[f]; Matter of Petty, 256 AD2d 281, 283 [1st Dept 1998]; Matter of Albert S., 286 AD2d 684, 685 [2d Dept 2001]; Crump, 230 AD2d at 851). Although petitioner was ultimately
unable to prove its allegations, the petition was not frivolous within the meaning of 22 NYCRR 130-1.1(c).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023