■ LINDA TESTAGROSA, Appellant, v BROOKWOOD COMMUNI-TIES, INC., et al., Respondents. [762 NYS2d 881] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated July 17, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

After the defendants made out a prima facie case for summary judgment, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendants' motion for summary judgment was properly granted (*see DeMarrais v Swift,* 283 AD2d 540 [2001]; *Patel v Corporate Park Dev. Assoc.,* 275 AD2d 313 [2000]). Florio, J.P., Feuerstein, McGinity and Adams, JJ., concur.

■ In the Matter of LILLIAN A. MURIEL B. et al., Respondents; ROBERT P., Appellant. [762 NYS2d 899] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for Lillian A., the appeal is from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated January 16, 2003, as directed Robert P. to cease contact with Lillian A. and, sua sponte, revoked her last will and testament.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, revoked the last will and testament of Lillian A. is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof revoking the last will and testament of Lillian A.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court did not have the authority to revoke the last will and testament of Lillian A. (*see* Mental Hygiene Law § 81.29 [d]).

The appellant's remaining contentions are without merit. Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.