In the Matter of the Application of DREW G. ANTHON, Appellant, et al., Petitioners, for the Appointment of a Guardian of the Person and Property of ANDREW D. LOCONTI, a Person Alleged to be Incapacitated, Respondent. [783 NYS2d 168]—Appeal from an order and judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 16, 2003 in a proceeding pursuant to Mental Hygiene Law article 81. The order and judgment, insofar as appealed from, denied the petition for appointment of a guardian.

It is hereby ordered that the order and judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance

with the following memorandum: In this proceeding brought pursuant to article 81 of the Mental Hygiene Law, petitioners seek a determination that Andrew D. Loconti is an incapacitated person and an order appointing one of them as guardian of his person and property. On appeal, Drew G. Anthon (petitioner) contends that Supreme Court erred in summarily denying the petition. We agree with petitioner that, "in view of this record and pursuant to the statute, a hearing was required as a preliminary to the court['s] making findings" and as the means of best accomplishing the goals of Mental Hygiene Law article 81 (*Matter of Eggleston,* 303 AD2d 263, 265 [2003]; *see* Mental Hygiene Law § 81.11 [a], [b], [c], [f]; §§ 81.12, 81.13, 81.14; *see generally Mental Hygiene Law* §§ 81.01, 81.02 [b]). "[T]he hearing requirement is not restricted to occasions when a guardian is to be imposed on a possibly unwilling" alleged incapacitated person (*Eggleston,* 303 AD2d at 266). "Rather, section 81.11 (b) states clearly that 'any party' to an article 81 proceeding *shall* have the right to present evidence, call witnesses, cross-examine witnesses and be represented by counsel" (*id.*). We have considered petitioner's remaining contention and conclude that it is without merit. We therefore reverse the order and judgment insofar as appealed from, and we remit the matter to Supreme Court for further proceedings on the petition pursuant to article 81. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.