In the Matter of RITA R., a Person Alleged to be Incapacitated. RICHARD R., Respondent-Appellant; RITA R., Respondent; ANDREA K., Appellant-Respondent. [811 NYS2d 89]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Rita R., an alleged incapacitated person, and for ancillary relief, Andrea K. appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, J.), dated January 7, 2004, as, after an evidentiary hearing and upon finding Rita R. to be an incapacitated person and appointing a guardian, invalidated, pursuant to Mental Hygiene Law § 81.29 (d), certain legal instruments previously executed by Rita R. or by Andrea K. as attorney-in-fact for Rita R., and the petitioner Richard R. cross-appeals from so much of the same order as failed to invalidate the last will and testament executed by Rita R. on December 19, 2001.

Ordered that the order is modified, on the law and on the facts, by adding a provision thereto invalidating, pursuant to Mental Hygiene Law § 81.29 (d), the last will and testament ex-

ecuted by Rita R. on December 19, 2001; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to Richard R. by Andrea K.

In 2003 Rita R. was found to be an incapacitated person within the meaning of article 81 of the Mental Hygiene Law and a guardian was appointed for her. Andrea K. and Richard R. are her children. At issue on this appeal is whether the Surrogate's Court properly determined, after a hearing, that certain legal instruments executed by Rita R. before the appointment of the guardian should be invalidated pursuant to Mental Hygiene Law § 81.29 (d).

Between October 5, 2001 and June 5, 2002 Rita R. executed several legal instruments, including durable powers of attorney dated October 5, 2001 and December 19, 2001, a health care proxy dated December 19, 2001, an amended and restated agreement of trust dated May 31, 2002, and a further amendment to that agreement dated June 5, 2002. Additionally, Andrea K. executed agreements of trust dated December 21, 2001 and January 17, 2002 as attorney-in-fact for her mother.

The petitioner, Richard R., established by clear and convincing evidence that each of the foregoing legal instruments was executed while Rita R. was incapacitated (*see* Mental Hygiene Law § 81.12 [a]; § 81.29 [d]). Accordingly, the Surrogate's Court properly invalidated those instruments.

Moreover, on December 19, 2001 Rita R. also executed a last will and testament. We find that Richard R. established by clear and convincing evidence that Rita R. was incapacitated when she executed that instrument. Inasmuch as the Surrogate's Court clearly had the authority to revoke such an instrument pursuant to Mental Hygiene Law § 81.29 (d), we conclude that it should have done so. Accordingly, we modify the order to add a provision invalidating the last will and testament executed on December 19, 2001. We note that the holding in *Matter of Lillian A.* (307 AD2d 921 [2003]) is not to the contrary, as there was no finding of lack of capacity in that case.

Andrea K.'s remaining contentions are without merit. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.