■ In the Matter of BESS Z., a Person Alleged to be Incapacitated, Appellant. Ross Z. et al., Respondents. [813 NYS2d 140]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Bess Z., an alleged incapacitated person, Bess Z. appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), dated April 15, 2004, which, after a hearing, inter alia, granted the petition and appointed co-guardians for her personal needs and property management.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners established, by clear and convincing evidence,

that Bess Z., the alleged incapacitated person (hereinafter the appellant), was likely to suffer harm because she was unable to provide for her personal needs and property management, or to adequately understand and appreciate the nature and consequences of such inability. Accordingly, in this case, the Supreme Court properly appointed the appellant's children as co-guardians of her personal needs and property management (*see* Mental Hygiene Law § 81.02 [b]; *Matter of Margaret K.,* 17 AD3d 466 [2005]; *Matter of James M.,* 275 AD2d 324 [2000]).

We agree with the appellant that the Supreme Court should not have admitted the testimony of her treating physician. The admission of that testimony violated the appellant's doctor-patient privilege (*see* CPLR 4504; *Matter of Rosa B.-S. [William M.B.],* 1 AD3d 355 [2003]). Contrary to the petitioners' assertion, the appellant did not waive the privilege by affirmatively placing her medical condition in issue (*see Dillenbeck v Hess,* 73 NY2d 278 [1989]; *Matter of Rosa B.-S., supra*).

Nevertheless, contrary to the appellant's contention, the Supreme Court's error in admitting the foregoing testimony does not warrant a new hearing since the remainder of the testimony, including, inter alia, the testimony of the appellant's children, established the appellant's inability to care for her medical, personal, or financial needs; further, "Mental Hygiene Law article 81 does not require medical testimony in a guardianship proceeding" (*Matter of Rosa B.-S., supra* at 356).

The appellant's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.