*1046 OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
A petition has been filed for the appointment of a guardian of the person and property of S.K., an alleged incapacitated person (hereinafter “the person”). The court, having been satisfied that the person was served with the order to show cause and petition by personal delivery at least 14 days prior to the return date, and that all necessary interested persons required to be served under Mental Hygiene Law § 81.07 were timely served with the order to show cause and petition, appointed a court evaluator from Mental Hygiene Legal Service, Barbara V Gurley, C.S.W
A cross petition was filed in this matter by W.K., the person’s wife, seeking to dismiss the petition for the appointment of a guardian of the person and property of her husband as she holds a power of attorney naming her the person’s attorney-in-fact. The cross petition further indicates that the person currently has health insurance under United Healthcare, as a result of his previous employment with Bristol Myers Squibb Company, which is supposed to cover the costs of his nursing home care.
In addition to the papers submitted by the parties, a hearing was held on September 14, 2006. The hearing was conducted in the absence of the person. It was determined that no meaningful participation would result from his presence at the hearing because he would not understand the purpose of the proceedings and would not be able to offer any relevant information. Amy Schwartz, the director of social services at Hebrew Home for the Aged, and the court evaluator testified at the hearing.
Findings of Fact
The person is 84 years of age. The person presently resides at Hebrew Home for the Aged, 3220 Henry Hudson Parkway, Bronx, New York 10463.
The person was admitted to the nursing home on January 16, 2003. The petitioner inappropriately attempted to introduce the person’s medical records and hearsay information regarding the person’s medical condition through the director of social services of the nursing home. The records and other medical information of the person were not admitted into evidence at the hearing since this violated the Health Insurance Portability and Accountability Act privacy provisions and the doctor-patient privilege. Mrs. Schwartz was allowed to testify as to her observations of the person only.
*1047 Through her observations, Mrs. Schwartz indicated that the person is unable to feed himself, walk, shower, bathe, groom or dress himself without assistance. He is oriented only to person and not all the time. He recognizes his wife and his brother at times, but does not recognize any of the staff members of the nursing home. Mrs. Schwartz stated that the person is receiving skilled care at the nursing home. The person’s wife makes medical decisions for the person. He is Medicaid eligible and his wife applied for Medicaid on his behalf. The reason why the guardianship proceeding was brought was because the nursing home has not been receiving any of the person’s monthly Social Security income.
The person executed a durable power of attorney on April 17, 2003, naming his wife his attorney-in-fact. The petitioner made allegations in its moving papers that the person was incapacitated at the time he executed the power of attorney. However, there was no evidence in admissible form to indicate that he was incapacitated on the day he executed this power of attorney. The person’s wife receives the person’s Social Security income and has not turned it over to the nursing home. The reason she has not turned over the person’s monthly income is that the person has a long-term care policy with United Healthcare which she claims is supposed to cover his nursing home care. At issue is whether or not the person is receiving skilled care at the nursing home. Attached to the cross petitioner’s motion is a letter from a doctor at the nursing home, Sudha Ganti, M.D., which states that the person is receiving 24-hour skilled nursing care. (Cross petitioner’s exhibit 4.) However, the court evaluator was informed by a patient accounts representative at the nursing home that the person is receiving custodial care and not skilled nursing care and, therefore, his nursing home care is not covered by his United Healthcare medical insurance policy. The person has a nursing home bill that exceeds $35,000.
Conclusions of Law
Upon consideration of the moving papers and the cross petition and the evidence adduced at the hearing, this court finds that, even though the person has functional limitations, he has advanced directives in place to provide for his personal needs and property management. The purpose for which this guardianship proceeding was brought, to wit, for the nursing home to be paid for its care of the person, was not the Legislature’s intended purpose when article 81 of the Mental Hygiene Law was enacted in 1993.
*1048 Mental Hygiene Law § 81.01 plainly states,
“The legislature declares that it is the purpose of this act to promote the public welfare by establishing a guardianship system which is appropriate to satisfy either personal or property management needs of an incapacitated person in a manner tailored to the individual needs of that person, which takes in account the personal wishes, preferences and desires of the person, and which affords the person the greatest amount of independence and self-determination and participation in all the decisions affecting such person’s life.”
Mental Hygiene Law § 81.02 states that the court may appoint a guardian for the person if the person agrees to the appointment or is incapacitated. “In deciding whether the appointment is necessary, the court shall consider . . . the sufficiency and reliability of available resources, as defined in subdivision (e) of section 81.03 of this article” (Mental Hygiene Law § 81.02 [a] [2]). Mental Hygiene Law § 81.03 (e) defines “available resources” as: “powers of attorney, [and] health care proxies.”
The person executed a power of attorney naming his wife his attorney-in-fact. Moreover, the director of social services at the nursing home testified that Mrs. K. makes medical decisions for the person. It has been established that it would be an abuse of the court’s discretion to revoke a power of attorney unless there is evidence that the holder of said document engaged in conduct that would justify revocation. (Matter of Isadora R., 5 AD3d 494 [2d Dept 2004].) The cross petition asserts that Mrs. K. has not turned over the person’s monthly Social Security income because the person has a medical insurance policy which presumably covers the person’s nursing home care. There was no evidence set forth at the hearing to prove that Mrs. K. is in any way abusing her power as attorney-in-fact.
Moreover, there was no evidence submitted at the hearing to demonstrate that the person lacked capacity when he executed the power of attorney in April of 2003. Absent any evidence to indicate that the person was incapacitated when he executed the power of attorney or that the power of attorney has been improperly used, it would be inappropriate for this court to invalidate the power of attorney and appoint a guardian for the person. This court finds that the person has effectuated a plan for the management of his affairs, thus obviating the need for the appointment of a guardian.
*1049 To the extent that the nursing home is seeking to be paid for the care it has rendered to the person, the petitioner must seek a different avenue of redress for that relief as a guardianship application is inappropriate. Whether or not the person is receiving skilled care and whether or not the costs of skilled nursing care are covered by the person’s health insurance policy are not the proper subjects of a guardianship proceeding.
Mental Hygiene Law § 81.09 (f) states, “When a judgment denies or dismisses a petition, the court may award a reasonable allowance to a court evaluator, including the mental hygiene legal service, payable by the petitioner or by the person alleged to be incapacitated, or both in such proportions as the court may deem just.” (See also, Matter of Petty, 256 AD2d 281 [1st Dept 1998]; Matter of Geer, 234 AD2d 939 [4th Dept 1996].) This court finds that any costs incurred by the petitioner in bringing said petition as well as the fees of the court evaluator shall be borne by the petitioner, Hebrew Home for the Aged. In addition, the petitioner, Hebrew Home for the Aged, is directed to pay the cross petitioner’s attorney’s fees upon submission to this court of an affirmation of legal services.
Accordingly, the application for the appointment of a guardian of the person and property is denied and the petition is hereby dismissed.