■ In the Matter of SUSAN JANE G. LINDSAY C. et al., Respondents; KENNETH D.G., Appellant. [823 NYS2d 102]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Susan Jane G., an alleged incapacitated person, Kenneth D.G. appeals (1) from a decision of the Supreme Court, Suffolk County (Sgroi, J.), dated November 16, 2005, and (2), as limited by his brief, from so much of an order and judgment (one paper) of the same court dated February 1, 2006, as, after a hearing, granted those branches of the petition which were to revoke a power of attorney executed by Susan Jane G. in 1999 and a health care proxy executed by Susan Jane G. in 1992, and to appoint the petitioners Lindsay C. and Maggie H. as coguardians, and denied his cross petition.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The petitioners, Lindsay C. and Maggie H., are two of the four adult daughters of Susan Jane G. (hereinafter Susan G.), an alleged incapacitated person. The appellant, Kenneth D.G., is Susan G.'s husband and the petitioners' stepfather.

In 1998 Susan G. was injured when she lost consciousness and suffered a loss of oxygen to her brain. It is undisputed that, as a result of her accident, she suffers, inter alia, from short-term memory loss, requires supervision and assistance with various daily tasks such as bathing and grooming, and is unable to manage her finances. In 1992, several years prior to her accident, Susan G. executed a health care proxy appointing the appellant as her agent. In 1999, following her accident, Susan G. executed a durable power of attorney, also appointing the appellant as her agent.

After the accident, Susan G. spent several months in the hospital and in therapy. Upon her release, she returned to her home where she continued to reside with the appellant for approximately five years. In July 2003, however, the appellant, after discussing the matter, among others, with the petitioners, decided to place Susan G. in the Little Flower nursing home.

Approximately two years later, the petitioners, dissatisfied with their mother's living environment and with the appellant's performance as her agent, commenced this proceeding, inter alia, to appoint a guardian pursuant to Mental Hygiene Law article 81. The appellant filed objections and cross-petitioned to have himself appointed as guardian. After appointing a court evaluator (*see* Mental Hygiene Law § 81.09) and counsel for Susan G. (*see* Mental Hygiene Law § 81.10), the Supreme Court held a hearing in the presence of Susan G., pursuant to Mental Hygiene Law § 81.11. The Supreme Court, inter alia, granted the petition, revoked both the 1999 power of attorney and the 1992 health care proxy, and appointed the petitioners as coguardians. This appeal ensued. We affirm.

On this record, we find that the petitioners established by clear and convincing evidence that Susan G. is an incapacitated person and that the 1999 power of attorney was executed while Susan G. was incapacitated. Accordingly, the Supreme Court properly revoked that instrument (*see* Mental Hygiene Law § 81.29 [d]; *Matter of Rita R.*, 26 AD3d 502 [2006]).

Moreover, the court properly found that the petitioners had established, through competent evidence, that the appellant is no longer reasonably available, willing, and competent to fulfill his obligations under Public Health Law article 29-C, thereby warranting revocation of the 1992 health care proxy (*see* Public Health Law § 2992 [2]; Mental Hygiene Law § 81.29 [d]).

Based on the totality of the evidence, including, inter alia, the recommendation of the court evaluator, we discern no basis to disturb the Supreme Court's determination to appoint the petitioners as co-guardians of Susan G.'s person and property (*see Matter of Rita R., supra; Matter of Rochester Gen. Hosp. [Levin]*, 158 Misc 2d 522 [1993]).

The appellant's remaining contentions are without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.