OPINION OF THE COURT
John M. Leventhal, J.
Issue Presented
The issue presented in this case is whether an exception should be created to the physician-patient privilege when the medical institution in which the alleged incapacitated person (AIP) resides seeks to present medical records and the testimony of a treating physician to have a guardian appointed in order to secure an appropriate placement of the AIP upon her discharge and to have a guardian appointed.
Background
The AIP has been diagnosed with schizophrenia and several medical conditions, including severe arthritis that has left her wheelchair dependent. The Interfaith Medical Center, in which the AIP was a resident, brought a guardianship proceeding and sought to have the AIP transferred to a nursing home. As evidence that the AIP requires a guardian, the Interfaith Medical Center attempted to admit the AIP’s medical records. The AIP objected to the admission of such, asserting the physician-patient privilege.
This court sustained the AIP’s objection and barred the admission of her medical records. However, the family members of the AIP testified as to her capacity. The AIP was found to suffer from an incapacity and a guardian was appointed. This decision is issued to explain the court’s ruling barring the admission of the AIP’s medical records. In reaching this decision the court has considered the memoranda of law submitted by the court evaluator and counsel for the AIR
The Law
The physician-patient privilege prohibits a physician from disclosing “any information which he [or she] acquired in attending a patient in a professional capacity and which was necessary to enable him [or her] to act in that capacity” unless waived by the patient (CPLR 4504 [a]).
*450 Yet, the court has the authority to direct the disclosure of an AIP’s medical records to the court evaluator, if such records are likely to contain information that will assist the evaluator in completing his or her report, notwithstanding the physician-patient privilege (Mental Hygiene Law § 81.09 [d]).
At the hearing in a guardianship proceeding, the rules of evidence may be waived by the court for good cause shown (Mental Hygiene Law § 81.12 [b]). However, in Matter of Rosa B.-S. (William M.B.) (1 AD3d 355 [2003]), the Second Department held, that the rules of evidence can only be waived under Mental Hygiene Law § 81.12 (b) in an uncontested matter. In Rosa B.S., the guardianship was contested and therefore the physician-patient privilege could only be waived by consent of the AIP or if the AIP placed her condition in issue. The Court found the medical records of the AIP were otherwise inadmissible.
The court evaluator nonetheless advances four arguments in support of his position that the privilege should not apply to a medical institution seeking the appointment of a guardian for one of its patients. Initially, the court evaluator argues that the refusal to admit the medical records eviscerates the right of a medical institution to be a petitioner as explicitly allowed in section 81.06 (a) (7) of the Mental Hygiene Law because a medical institution must rely on its own records to establish an incapacity. However, this argument is tenuous, in that there are other ways to prove incapacity. One way, as in this case, is to have family members testify as to the AIP’s incapacity. Additionally, medical evidence from an examining and nontreating physician would not be barred by the privilege. Further, there exists an exception for the records and testimony of health care providers whose function is to evaluate an AIP for emergency treatment and placement (see, Matter of Marie H., 25 AD3d 704 [2006]).
Secondly, the court evaluator maintains that prohibiting the AIP’s treating physician from testifying as to privileged medical information makes it “exceedingly difficult” to provide the AIP with the “least restrictive form of intervention while affording the AIP the greatest amount of independence and self-determination,” as required under Mental Hygiene Law § 81.01. This argument is not a compelling one. Negating the physician-patient privilege in such instances would likely frustrate the twin goals of “independence” and “self-determination” by causing an AIP to distrust his or her treating physician. Indeed, inhibiting this necessary flow of information between a treating *451 physician and his patient will result neither in self-determination nor independence for the AIR
Next, the court evaluator argues that proscribing the testimony of the AIP’s treating physician frustrates the statute’s call for a speedy hearing (see, Mental Hygiene Law § 81.07 [b] [1]). The statute requires that a hearing be held within 28 days of the court’s signing of the order to show cause. The ultimate question, however, is whether the statutory requirement of a prompt hearing outweighs an AIP’s right to invoke the physician-patient privilege. The court evaluator offers no law on point. Further, this court has not experienced any additional delays in handling these matters while protecting the privilege. If the parties are prepared, as in this particular case, there will not be any interruption of the proceeding. In fact, this court has experienced more postponements in scheduling the medical testimony of doctors than that of family members.
Finally, the court evaluator argues that the Legislature, in enacting article 81, intended that the privilege be abrogated because the court evaluator is required to make a recommendation as to the proper course of treatment based on information provided by “third parties, including medical, psychological and/or psychiatric examinations” (Mental Hygiene Law § 81.09 [c] [5] [vii]) and that the court may, for good cause shown waive the rules of evidence (Mental Hygiene Law § 81.12 [b]). Although this argument does have some merit, the Second Department in Rosa B.-S. makes it quite clear that in a contested proceeding, the court may not dispense with the rules of evidence, specifically the physician-patient privilege.
It would appear that an interpretation of Mental Hygiene Law § 81.12 (b) waiving the rules of evidence only in uncontested proceedings would render this section superfluous as an AIR can always waive the privilege and not object to his/her medical records being admitted into evidence. No legislative enactment such as Mental Hygiene Law § 81.12 (b) would be necessary. However, a review of the legislative history indicates that the Legislature intended the waiver of the rules of evidence to apply only in uncontested matters. The comments of the Law Revision Commission that accompanied article 81 when it was a bill specifically explained that this exception was only intended to facilitate the court’s determination in an uncontested proceeding.
Further, the Court of Appeals in People v Sinski (88 NY2d 487, 492 [1996]) mentions in dicta that inspection of medical rec *452 ords of an allegedly incapacitated person is an exception to the physician-patient privilege. Significantly, the decision does not mention the issue of admissibility of these records. The appellate courts that have considered admissibility have consistently upheld the privilege (see, Rosa B.-S. and its progeny). While there may be some valid argument to creating an exception to the physician-patient privilege in guardianship matters, it has not yet been created by the Legislature, nor has the Court of Appeals interpreted Mental Hygiene Law § 81.12 (b) to be an exception to this privilege. Until such time as there is a change in the law or the Court of Appeals rules otherwise, the privilege applies in all contested guardianship cases.
Holding
Accordingly, where a treating medical/health care facility seeks to admit into evidence a treating physician’s testimony and medical records regarding an AIP, such records and testimony, even for the salutary purpose of securing an appropriate placement for the AIP, remain privileged and will not be admitted unless the AIP waives the privilege or affirmatively places his or her medical condition in issue.