[830 NYS2d 827]

In the Matter of DANIEL TT., a Person Alleged to be Incapacitated. DONNA TT., Appellant; DIANE UU. et al., Respondents.

Third Department, February 22, 2007

## APPEARANCES OF COUNSEL

*Bartlett, Pontiff, Stewart & Rhodes, P.C.*, Glens Falls (*James R. Burkett* of counsel), for appellant.

*FitzGerald, Morris, Baker & Firth, P.C.*, Glens Falls (*Martin A. Cohen* of counsel), for Diane UU., respondent.

*John C. Mannix Jr.*, Saratoga Springs, for Daniel TT., respondent.

## OPINION OF THE COURT

SPAIN, J.

Petitioner commenced this proceeding in May 2006 pursuant to Mental Hygiene Law article 81 to be appointed guardian of the person and property of her father, respondent Daniel TT. (hereinafter respondent), the alleged incapacitated person. The petition alleges that respondent, then age 87, had been diagnosed with dementia of the Alzheimer's type, is unable to care for himself or make decisions, and requires constant supervision and care. Respondent's wife died in March 2006 and he has lived with petitioner's sister—his only other child—respondent Diane UU., since October 2005. Petitioner alleges that respondent is living in unsanitary conditions, has been isolated by Diane and is residing with her as a result of coercion, and that she exerts inappropriate influence over his finances and is dissipating his substantial financial assets.

In March 2006, shortly before his wife's death, respondent (and his wife) executed a durable power of attorney, a health care proxy and an irrevocable trust, all conferring authority upon Diane. Respondent also apparently executed a living will and a last will and testament, neither of which appears in the record. The petition alleges that respondent executed these documents when he had a diminished capacity and was under the coercion and duress of Diane, and that she is violating her fiduciary duties as power of attorney.

Respondent, represented by counsel assigned by the court, interposed an answer opposing the appointment of a guardian and denying any incapacity. The appointed court evaluator

submitted a preliminary report reflecting that he had met with respondent who opposed the petition and expressed a preference to continue living with Diane and that she be permitted to continue to manage his financial and personal affairs. The court evaluator observed that respondent appeared oriented and was able to participate in these proceedings. However, he did not understand some aspects of his estate planning documents, whose preparation and execution were arranged by Diane through a law firm—other than the attorney with whom respondent had a long-term relationship, Gary Lombardi—under circumstances which raise questions regarding her undue influence. The court evaluator concluded that any recommendation regarding the petition would be premature due to the absence of medical, psychological or other evidence of the need for a guardianship. The report noted Lombardi's opinion as respondent's (and his wife's) attorney and advisor for over 30 years, who submitted an affidavit opposing dismissal of the petition, averring that respondent was suffering from some form of dementia, that they had consistently expressed a desire to distribute their assets equally between their daughters and that the unequal distribution in the trust in Diane's favor would only be the product of her overreaching. The court evaluator opined that respondent has been subject to overreaching and undue influence by Diane in decisions including his place of residence, selection of attorney for estate planning and execution of planning documents in March 2006.

Petitioner moved for discovery related to respondent's capacity and other relief including access to him and his temporary removal to an assisted living facility. The court evaluator cross-moved for an order pursuant to Mental Hygiene Law § 81.09 (d) authorizing inspection of respondent's medical records and retention of experts to evaluate the extent of his diminished capacity. Respondent and Diane both opposed the foregoing motions and cross-moved for summary judgment or dismissal of the Mental Hygiene Law article 81 petition. After hearing oral argument, Supreme Court—relying upon respondent's estate planning documents which address his medical and financial needs—summarily dismissed the petition, concluding that petitioner could not sustain her burden of proof. The court's order contained other relief which is not in issue on this appeal.

On petitioner's appeal, we agree with her contention that Supreme Court erred in summarily dismissing her petition without discovery and a hearing. The discretionary determina-

tion whether to appoint a guardian under Mental Hygiene Law article 81 requires a two-pronged analysis: first, whether the appointment is necessary to provide for the personal needs of the person (including food, clothing, shelter, health care or safety) or management of property and financial affairs and, second, whether the person agrees to the appointment or is "incapacitated" (Mental Hygiene Law § 81.02 [a]; *see Matter of Maher*, 207 AD2d 133, 139-140 [1994], *lv denied* 86 NY2d 703 [1995]). On the necessity prong, the court is required to consider the report of the court evaluator (*see* Mental Hygiene Law § 81.02 [a] [2]; § 81.09 [c]) as well as the "sufficiency and reliability of available resources . . . to provide for personal needs or property management without the appointment of a guardian" (Mental Hygiene Law § 81.02 [a] [2]). "Available resources" include care providers as well as "powers of attorney, health care proxies, [and] trusts" (Mental Hygiene Law § 81.03 [e]).

Even if incapacity is established, a guardian is to be appointed only as a last resort and in a manner which is the least restrictive form of intervention (*see* Mental Hygiene Law § 81.02 [a] [2]; *see also Matter of Joseph V.*, 307 AD2d 469, 470 [2003]). Such an appointment may be obviated where the alleged incapacitated persons have effectuated plans for the management of their affairs and are possessed of sufficient resources to protect their well-being (*see Matter of Isadora R.*, 5 AD3d 494, 494 [2004]; *Matter of Albert S.*, 286 AD2d 684, 684-685 [2001]; *Matter of Maher, supra* at 142; *see e.g. Matter of S.K.*, 13 Misc 3d 1045, 1048 [2006]; *Matter of A.C.*, 12 Misc 3d 1190[A], 2006 NY Slip Op 51508[U] [2006]).

However, where, as here, the petition alleges that the planning documents were made while the person was incapacitated and are the product of duress, coercion or undue influence manifesting a breach of fiduciary duties, the court—upon a finding of incapacity—may appoint a guardian and "modify, amend, or revoke any previously executed appointment, power, or delegation" (Mental Hygiene Law § 81.29 [d]; *see Matter of Mary J.*, 290 AD2d 847, 850 [2002]; *see also Matter of Susan Jane G.*, 33 AD3d 700, 701 [2006] [upheld revocation of health care proxy and power of attorney signed while incapacitated]; *Matter of Ardelia R.*, 28 AD3d 485, 487 [2006]; *Matter of Rita R.*, 26 AD3d 502, 503 [2006] [power of attorney, will, health care proxy, trust agreements]; *see e.g. Matter of Rochester Gen. Hosp. [Levin]*, 158 Misc 2d 522 [1993] [revoked power of attorney exe-

cuted by alleged incapacitated person because grantee unable or unwilling to fulfill duties]; *cf. Matter of Isadora R., supra* at 494).

The preliminary report and affidavit of the court evaluator, and the affidavit of respondent's long-term attorney, were more than adequate to create a question of fact to overcome the presumptive validity of respondent's estate planning documents and, consequently, to raise a genuine factual question regarding the sufficiency and reliability of his available resources (*see* Mental Hygiene Law § 81.02 [a] [2]). Thus, under these circumstances, Supreme Court incorrectly concluded that this Mental Hygiene Law article 81 guardianship proceeding is not an appropriate proceeding in which to entertain challenges to the execution of respondent's estate planning documents.

With regard to the second prong, a determination of incapacity must be based, ultimately, on clear and convincing evidence that the person is likely to suffer harm because of an inability to provide for personal needs and/or property management, and that the person possesses an inadequate ability to understand and appreciate the consequences of such inability (*see* Mental Hygiene Law § 81.02 [b]; *see also Matter of Maher, supra* at 140). Here, the petition made sufficient allegations of the foregoing, asserting that respondent suffers from progressively worsening dementia, rendering him unable to attend to his daily personal, health, financial or other needs and, indeed, it was conceded that he requires constant assistance and care in his current environment (*see* Mental Hygiene Law § 81.08 [a] [4], [5]). These allegations were supported by affidavits of his siblings, the former long-term attorney and others, all of which raised a question of fact regarding his capacity. Moreover, the motion of the court evaluator to inspect respondent's medical records and, if necessary, retain independent medical experts (to advise or examine) should have been granted (*see* Mental Hygiene Law § 81.09 [c] [6], [7]).

By statute, provided the petition contains sufficient allegations (*see* Mental Hygiene Law § 81.08), the determination regarding the appointment of a guardian "shall be made only after a hearing" (Mental Hygiene Law § 81.11 [a]), at which any party may call or cross-examine witnesses, present evidence and be represented by counsel (*see Matter of Eggleston [Muhammed]*, 303 AD2d 263, 266 [2003]). Thus, we find that it was error to summarily dismiss the petition (*see Matter of Loconti*, 11 AD3d 937, 938 [2004]).

MERCURE, J.P., CREW III, MUGGLIN and ROSE, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion for summary judgment and denied the court evaluator's cross motion; motion denied, cross motion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.