■ In the Matter of the Appointment of a Guardian of the Person and Property for BERNARD KUFELD, an Alleged Incapacitated Person. MICHAEL PESKOWITZ, Appellant, v BERNARD KUFELD, Respondent. MICHAEL PESKOWITZ, Respondent, v BERNARD KUFELD, Appellant. [859 NYS2d 119]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about November 28, 2007, which, upon reargument of a prior order, denied so much of a motion by Peskowitz

for review of Kufeld's medical and psychiatric records by a court-appointed evaluator as sought retention by the evaluator of an independent medical and psychiatric expert to examine Kufeld himself, unanimously modified, on the law, the relief sought by the evaluator granted, and otherwise affirmed, without costs. Appeal from the prior order, entered on or about July 19, 2007, unanimously dismissed, without costs, as superseded by this appeal from the later order.

In this guardianship proceeding, the IAS court providently exercised its discretion in granting the court evaluator's application to review the medical records of Kufeld, the alleged incapacitated person (AIP), notwithstanding the physician-patient privilege (*see* Mental Hygiene Law § 81.09 [d]). Given the assertions of incapacity in the AIP's self-petition, which was subsequently withdrawn, and the original court evaluator's report, as well as the allegations, in the affidavits of the AIP's nephew (Peskowitz) and driver, of duress and coercion directed against the AIP, the court properly determined that "such records are likely to contain information which will assist the court evaluator in completing his or her report to the court" (*id.*; *see Matter of Daniel TT.*, 39 AD3d 94, 98 [2007]). Although such records may not be admissible at a hearing due to the physician-patient privilege unless the AIP has affirmatively placed his medical condition in issue (*see Matter of Rosa B.-S. [William M.B.]*, 1 AD3d 355, 356 [2003]; *Matter of Q.E.J.*, 14 Misc 3d 448 [2006]), the privilege is nonetheless waived when a court evaluator seeks to review the records under section 81.09 (d) (*see People v Sinski*, 88 NY2d 487, 491-492 [1996]). While the original court evaluator did not testify and was not subject to cross-examination, the IAS court did not err in considering the original court evaluator's report, which was never admitted in evidence, when determining the current court evaluator's motion (*see* Mental Hygiene Law § 81.12 [b]).

The IAS court improperly modified its original order to deny the court evaluator's application to retain an independent medical and psychiatric expert to examine the AIP. Contrary to the court's determination, Mental Hygiene Law § 81.09 (c) (7) does not prohibit such examinations (*see* Kassoff, Elder Law and Guardianship in New York §§ 12:147, 12:149 [West's NY Prac Series]; *Daniel TT.*, 39 AD3d at 98). Concur—Tom, J.P., Williams, Catterson and Acosta, JJ.