OPINION OF THE COURT
Eugene E. Peckham, J.
This is a motion to quash an information subpoena issued by the petitioner pursuant to Mental Hygiene Law § 81.23 in this Mental Hygiene Law article 81 guardianship proceeding. The subpoena was served upon the Delaware County ARC, a chapter of NYSARC, Inc., which has moved to quash on the grounds and to the extent that its records are confidential medical records. This appears to be a case of first impression in New York.
ARC is an agency certified by the New York State Office of Mental Retardation and Developmental Disabilities. As such ARC is required to maintain the confidentiality of patient records pursuant to Mental Hygiene Law § 33.13. The services provided by ARC are funded by the Medicaid program and its records of services to Jamie B. include confidential medical and mental health information.
The Health Insurance Portability and Accountability Act also requires health care providers to maintain the confidentiality of their patients’ records. ARC is such a health care provider. (42 USC § 1395x [u]; 45 CFR 160.103.) Patient records can only be released upon authorization by the patient or court order. (45 CFR 164.508, 164.512 [e].)
In similar fashion, the courts have repeatedly held that the doctor-patient privilege applies in article 81 proceedings. Thus the information obtained by a treating physician is maintained as confidential. (CPLR 4504.) The privilege protecting the confidential physician records can only be waived in a contested matter if the alleged incapacitated person (AIP) consents or if the AIP placed his or her medical condition in issue. (Matter of Rosa B.-S. [William M.B.], 1 AD3d 355 [2d Dept 2003]; Matter of Marie H., 25 AD3d 704 [2d Dept 2006]; Matter of Kufeld, 51 AD3d 483 [1st Dept 2008]; Matter of Q.E.J., 14 Misc 3d 448 [Sup Ct, Kings County 2006]; Matter of A.G., 6 Misc 3d 447 [Sup Ct, Broome County 2004].)
The analogous confidential medical records maintained by ARC should also be released in this contested article 81 proceed *469 ing only upon the AIP’s consent or court order. The AIP has not consented and no showing has been made as to why a court order should issue.
Particularly this is so where petitioner’s burden of proving lack of capacity can be met by other means. Medical testimony is not required in an article 81 proceeding. (Matter of Bess Z., 27 AD3d 568 [2d Dept 2006]; Matter of Rosa B.-S., supra; Matter of Marie H., supra; Matter of Q.E.J., supra; Mental Hygiene Law § 81.12.) The petitioner’s burden can be met by testimony from family members, nurse’s aides, other medical personnel not covered by privilege, friends of the Aip etc.
The ARC also argues that the information subpoena powers set forth in Mental Hygiene Law § 81.23 do not apply to medical records. Mental Hygiene Law § 81.23 (b) (5) provides that the person subpoenaed provide petitioner’s attorney with “information concerning the financial affairs of the incapacitated person.” There is nothing in the legislative history of article 81 to indicate the subpoena power is intended to extend beyond financial information and records. (See Law Rev Commn Comments, reprinted in McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.23, at 290.)
On the other hand, the fact that the statute provides that the court evaluator may be given authorization by the court to inspect medical records indicates it was not the legislature’s intent to give petitioner’s attorney that power. (Mental Hygiene Law § 81.09 [d].) Rather the difference in the language indicates the intention was for the court evaluator to be able to view the AIP’s medical records and for petitioner’s attorney to be able to subpoena financial records.
For all the foregoing reasons, the subpoena issued to ARC by petitioner’s attorney is quashed insofar as the ARC is not required to produce the AIP’s medical records. Any financial information in the ARC files or other information that does not contain medical or mental health information shall be delivered in response to the subpoena.