Matter of Michael B. (Famulari) (2019 NY Slip Op 01592)





Matter of Michael B. (Famulari)


2019 NY Slip Op 01592


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-10028
 (Index No. 81031/16)

[*1]In the Matter of Michael B. (Anonymous), also known as Michael L. (Anonymous), appellant. Dominic J. Famulari, etc., respondent.


Disability Rights New York, Brooklyn, NY (Prianka Nair and Lara H. Weissman of counsel), for appellant.
Gina-Marie Reitano, Staten Island, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Michael B., also known as Michael L., appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated August 29, 2016. The order denied that branch of the motion of Michael B., also known as Michael L., which was pursuant to CPLR 3211(a)(7) to dismiss the petition.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking to be appointed as the guardian of the person and property of Michael B., also known as Michael L., an alleged incapacitated person (hereinafter the AIP). The AIP moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition. In the order appealed from, the Supreme Court denied that branch of the AIP's motion, finding, among other things, that based upon the allegations in the petition and the reports of the court-appointed evaluator, a hearing was required to determine whether it was necessary to appoint a guardian of the person and property for the AIP. The AIP appeals.
Although the petitioner's allegations are to be liberally construed and accepted as true (see Leon v Martinez, 84 NY2d 83, 87-88; Zellner v Odyl, LLC, 117 AD3d 1040), pursuant to Mental Hygiene Law § 81.08(a), a petition for the appointment of a guardian must contain "specific factual allegations" as to the personal actions, financial transactions, or other actual occurrences which demonstrate that the AIP would likely suffer harm because he or she cannot adequately understand and appreciate the nature and consequences of his or her inability to provide for personal needs or property management (Mental Hygiene Law § 81.08[a][4], [5]). Here, to the extent that the petition was conclusory and otherwise deficient, the court-appointed evaluator's first report and supplemental report sufficiently remedied any pleading defects and delineated the grounds for the appointment of a guardian of the person and property of the AIP (see Mental Hygiene Law §§ 81.08, 81.09, 81.02[a][2]; see also Matter of Daniel TT., 39 AD3d 94, 98; Matter of Loconti, 11 AD3d 937, 938).
Accordingly, we agree with the Supreme Court's determination to deny that branch [*2]of the AIP's motion which was pursuant to CPLR 3211(a)(7) to dismiss the petition.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court