Matter of John M. (2025 NY Slip Op 00158)

Matter of John M.

2025 NY Slip Op 00158

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 500018/22 Appeal No. 3448 Case No. 2023-04593 

[*1]In the Matter of John M. etc., Respondent. Rebecca L. Petitioner-Respondent, Helen E., Respondent-Appellant.

Rosales Del Rosario, P.C., Flushing (Leo L. Rosales of counsel), for appellant.
Law Office of Charles M. Barbuti, New York (Charles M. Barbuti of counsel), for John M., respondent.
The Joyce Firm LLC, White Plains (Leanne M. Freda of counsel), for Rebecca L., respondent.

Order, Supreme Court, New York County (Phaedra F. Perry, J.), entered June 26, 2023, which, inter alia, determined that John M. was incapacitated when he entered into a marriage with respondent Helen E. and ordered that the marriage was null and void and of no effect ab initio, unanimously affirmed, without costs.
In this article 81 proceeding, petitioner moved below to revoke the marriage between the incapacitated person John M. and appellant Helen E. It is well established that marriage is a contract, and pursuant to Mental Hygiene Law § 81.29(d), it can be revoked by a court, even if made prior to appointment of a guardian, once it is established that the contract was made while the person was incapacitated (see Matter of Edgar V.L., 228 AD3d 549, 551-552 [1st Dept 2024]; Matter of Nunziata [Nancy K.], 74 Misc 3d 255, 267 [Sup Ct, Nassau County 2021]). Unlike an annulled marriage, a marriage revoked pursuant to Mental Hygiene Law § 81.29(d) is void ab initio (Matter of Kaminester v Foldes,51 AD3d 528, 529 [1st Dept 2008]).
After conducting a hearing on John M.'s capacity to marry, the article 81 court properly revoked the marriage rendering it void ab initio. Petitioner proved by clear and convincing evidence that John M. was incapacitated at the time of the parties' marriage. The temporary guardian, the court evaluator, petitioner, and a longtime close friend of John M., consistently testified that at the time of the June 2022 marriage, John M. lacked the mental capacity to understand the significance of a decision to marry. There is no basis to disturb the credibility determinations of the trial court, which found respondent Helen E.'s testimony not credible, intentionally evasive, nonresponsive, and contradictory.
The marriage took place one month after petitioner, who is John M.'s daughter, commenced the guardianship proceeding based on her concerns about his worsening cognitive impairment and possible financial exploitation. The evidence at the hearing established that Helen E., John M.'s former home health aide from his time in a care facility, was making multiple attempts to marry him while the investigation into John M.'s capacity was ongoing. The article 81 court's determination that John M. was incapacitated and in need of a guardian came mere weeks after the parties' marriage.
Contrary to Helen E.'s assertion, medical evidence was not necessary to prove incapacity (see Matter of Bess Z., 27 AD3d 568, 569 [2d Dept 2006]; Matter of Rosa B.-S. [William M.B.], 1 AD3d 355, 356 [2d Dept 2003]).
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025